UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| NATASHA HICKS,<br><br>　　　　　　　Plaintiff,<br>v.<br>DOLLAR GENERAL MARKET, et al.,<br>　　　　　　　Defendant. | Case No. 2:15-cv-00405-JAD-PAL<br><br>**SCREENING ORDER**<br>- AND -<br>**REPORT OF FINDINGS AND RECOMMENDATION**<br><br>(Am. Compl. – ECF No. 11) |

　　This matter is before the court on a screening of Plaintiff Natasha Hicks's Amended Complaint (ECF No. 11). This screening is referred to the undersigned pursuant to 28 U.S.C. § 636(B) and LR IB 1-3 and 1-7 of the Local Rules of Practice.

　　This case arises from Ms. Hicks's allegations that defendant's actions violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e *et seq.* She commenced this action by filing an Application for Leave to Proceed *In Forma Pauperis* (ECF No. 1) and complaint. Upon initial review of the complaint, the court identified potential claims for discrimination on the basis of race, retaliation, sexual harassment, and hostile work environment, but Hicks failed to allege sufficient facts to satisfy the elements of those claims. The court issued an Order (ECF No. 4) instructing Ms. Hicks to file an amended complaint if she believed she could correct the defects in her pleading. The court will now review the amended complaint.

**I.　SCREENING THE AMENDED COMPLAINT**

　　The court must screen the complaint and any amended complaints filed prior to a responsive pleading pursuant to § 1915(e). *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000). If the complaint states a valid claim for relief, the court will direct the clerk of the court to issue summons to the defendant(s) and the plaintiff must then serve the summons and complaint within 90 days. *See* Fed. R. Civ. P. 4(m). A properly pled complaint must provide "a short and plain

1

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *accord Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The simplified pleading standard set forth in Rule 8(a) applies to all civil actions with limited exceptions. *Alvarez v. Hill*, 518 F.3d 1152, 1159 (9th Cir. 2008). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Mere recitals of the elements of a cause of action supported only by conclusory allegations do not suffice. *Id.* at 679–80. Where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly*, 550 U.S. at 570.

Allegations in a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Hebbe v. Pliler*, 627 F.3d 338, 342 n.7 (9th Cir. 2010). However, *pro se* litigants "should not be treated more favorably than parties with attorneys of record," *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986); rather, they must follow the same rules of procedure that govern other litigants. *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995).

### A.   Ms. Hicks's Amended Factual Allegations and Claims for Relief

The Amended Complaint (ECF No. 11) names the following defendants: Dollar General Market ("Dollar General"), her former employer; Richard A. Lindsey, market manager and direct supervisor; Tiffany Doe, cashier/sales associate; Bianca Doe, cashier/sales associate; Cindy Doe, sales associate; and Joe and/or Jane Doe, defendants doing business as the entity Dollar General Market. Ms. Hicks contends that defendants are liable for sexual harassment, job discrimination, hostile work environment, and retaliation pursuant to Title VII.

Ms. Hicks alleges that Lindsey began making inappropriate and unwanted advances of a personal and sexual nature beginning when she applied for her job at Dollar General in October 2011. *Id.* at 4. While she was filling out her employment application, he rubbed his body against her chair and back. Hicks believed that if she did not submit to Lindsey's advances, she would be denied employment. After she was hired, he continued to pursue her. Ms. Hicks states that she became "involved" with Lindsey for approximately 30 days, during which he promised to promote

her. However, after the relationship ended, Lindsey became hostile to her and acted in an unprofessional and abusive manner on the job site. He also gave the promotion he promised to Hicks to a less qualified employee. Ms. Hicks informed Dollar General of the harassment. She further alleges that co-workers, Tiffany, Bianca, and Cindy Doe, took Lindsey's side and subjected her to degrading insults and harassment. This continued for approximately 90 days until Hicks could no longer endure the treatment and she resigned. Ms. Hicks contends that she was subjected to these adverse conditions as a result of Dollar General's failure to supervise. Mr. Lindsey had prior allegations of sexual harassment against other employees, but Dollar General still employed him and that facilitated Lindsey's actions. In her request for relief, Ms. Hicks seeks: the termination of Lindsey; reinstatement of her employment at another facility; compensatory damages for the loss of back wages; and punitive damages $200,000.

## II.  ANALYSIS OF MS. HICKS'S TITLE VII CLAIMS

The amended complaint alleges violations of Title VII for discrimination on the basis of race, retaliation, and sexual harassment. *See* 42 U.S.C. §§ 2000e–200e-17. Title VII allows an individual to sue an employer for discrimination on the basis of race, color, religion, gender or national origin. 42 U.S.C. § 2000e-2. Title VII also authorizes lawsuits for retaliation and sexual harassment creating a hostile or abusive work environment. *Id*.

As an initial matter, the court finds that Lindsey, Tiffany, Bianca, and Cindy Doe are not proper defendants in this lawsuit. Title VII expressly limits liability to an employer. *See* 42 U.S.C. § 2000e(b). The Ninth Circuit has held that individuals cannot be held liable for damages under Title VII. *See, e.g., Miller v. Maxwell's Int'l Inc.*, 991 F.2d 583, 587–88 (9th Cir. 1993) (holding that individuals cannot be held liable for claims under Title VII). As such, the individual defendants will be dismissed from this action and her remaining claims will be analyzed with her former employer, Dollar General, as the defendant.

### A. Discrimination

Ms. Hicks is attempting to state a Title VII claim against Dollar General for discrimination. To establish a Title VII discrimination claim, a plaintiff must allege: (1) she is a member of a protected class; (2) she was qualified for her position and performing her job satisfactorily; (3) she

1  experienced an adverse employment action; and (4) similarly situated individuals outside of her
2  protected class were "treated more favorably, or other circumstances surrounding the adverse
3  employment action give rise to an inference of discrimination." *Hawn v. Executive Jet Mgmt.*,
4  *Inc.*, 615 F.3d 1151, 1156 (9th Cir. 2010) (citation omitted); *see also* 42 U.S.C. § 2000e-3(e).

5        The amended complaint does not correct the pleading deficiency of the original complaint
6  as it lacks sufficient facts to sate a cognizable claim.  Ms. Hicks does not allege that she belongs
7  to a protected class, such as race, color, religion, gender or national origin, although she did so in
8  the original complaint.  *See* Compl. (ECF No. 5) (identifying Hicks as "black").  The court
9  instructed her in the Screening Order (ECF No. 4) that it "cannot refer to a prior pleading (*i.e.*, the
10 original complaint or the Charge filed with the NERC) in order to make an amended complaint
11 complete."  *Id*. at 7.  Hicks' failure to allege membership in a protected class also prevents a
12 sufficient allegation that similarly situated individuals outside her protected class were treated
13 more favorably than her.

14       Ms. Hicks alleges an adverse employment action in that she was not given a promotion,
15 which Lindsey had promised to her.  Although she includes a conclusory allegation that she was
16 *more qualified* person, Hicks does not allege that she was fully qualified for the promotion,
17 performing her job satisfactorily, or other circumstances give rise to an inference of discrimination.
18 Based on these deficiencies, Ms. Hicks fails to state a valid discrimination claim.  Thus, the court
19 dismisses this claim without prejudice.

20       **B.  Retaliation**

21       Ms. Hicks may also be attempting to state a Title VII claim for retaliation.  To state a
22 retaliation claim, a plaintiff must allege that: (1) she engaged in a protected act; (2) she suffered
23 some sort of adverse employment action; and (3) there was a causal connection between her
24 protected action and the adverse act.  *Davis v. Team Elec Co.*, 520 F.3d 1080, 1093–94 (9th Cir.
25 2008); *see also Brown v. City of Tucson*, 336 F.3d 1181, 1192 (9th Cir. 2003).  Under Title VII,
26 where an employee files a complaint regarding an unlawful practice, he or she has engaged in a
27 protected activity.  *See* 42 U.S.C. § 2000e-3(e).

28

Here, Hicks alleges that she engaged in a protected act by informing Dollar General of Mr. Lindsey's sexual harassment. She also claims that she suffered an adverse employment action because her co-workers Tiffany, Bianca, and Cindy Doe took Lindsey's side and subjected her to degrading insults and harassment. The amended complaint also alleges a causal connection. For example, Ms. Hicks alleges Cindy told her that she did not understand why Hicks filed harassment charges against Lindsey. Cindy told Hicks she should quit being such a "b***" and drop the charges because it was Hicks's fault. Tiffany told another co-worker that Hicks was trying to "f***" her way around the job," Hicks was a "b****" and a "slut," and she should just drop the accusations against Lindsey. These allegations support a causal connection for informing Dollar General of her manager's conduct; thus, Hicks has alleged sufficient facts to state a retaliation claim.

**C. Sexual Harassment**

A plaintiff may attempt to show that she was sexually harassed and the harassment created a hostile or abusive work environment in violation of Title VII. 42 U.S.C. § 2000e–2(a); *Elvig v. Calvin Presbyterian Church*, 375 F.3d 951, 959 (9th Cir. 2004). To state a claim for hostile work environment, plaintiff must show: (1) he or she was subjected to verbal or physical conduct of a sexual nature: (2) the conduct was unwelcome; and (3) the conduct was sufficiently severe or pervasive as to alter the conditions of her employment and create a hostile or abusive work environment. *Dawson v. Entek Int'l*, 630 F.3d 928, 937–38 (9th Cir. 2011). A "hostile work environment" exists when "sexual harassment is so severe or pervasive as to 'alter the conditions of the victim's employment and create an abusive working environment." *Faragher v. City of Boca Raton*, 524 U.S. 775, 786 (1998) (internal quotation and citation omitted). Discourtesy or rudeness is insufficient since Title VII is not a general civility code. *Id.* at 787–88; *EEOC v. Prospect Airport Services, Inc.*, 621 F.3d 991, 1000 (9th Cir. 2010) (noting that a Title VII violation "is not established merely by evidence showing sporadic use of abusive language, gender-related jokes and occasional teasing"). The harassment must be more than a few irregular episodes; it must be "sufficiently continuous and concerted" to be considered pervasive. *Faragher*,

524 U.S. at 788; *see also Westendorf v. West Coast Contractors of Nevada, Inc.*, 712 F.3d 417 (9th Cir. 2013).

Here, the amended complaint alleges that Lindsey sexually harassed Ms. Hicks and subjected her to unwelcome physical advances, sexual comments, and requests. She claims that the conduct was unwelcome and she believed she would be denied employment if she did not submit to Lindsey's advances. After Hicks ended the brief relationship, she alleges that the degrading insults and harassment by Lindsey and her co-workers continued for approximately 90 days until she could no longer endure this treatment and she resigned. These facts adequately allege that the conduct was sufficiently severe or pervasive as to alter the conditions of her employment. Ms. Hicks has stated a colorable claim for sexual harassment.

Accordingly,

**IT IS ORDERED:**

1. Plaintiff Natasha Hicks' sexual harassment and retaliation claims shall proceed against Defendant Dollar General Market.
2. The Clerk of the Court shall issue summons to Defendant Dollar General Market.
3. Ms. Hicks is advised to carefully review Rule 4 of the Federal Rules of Civil Procedure in order to properly serve Defendant. Pursuant to Rule 4(m), she must complete service by **May 9, 2017**.
4. From this point forward, Ms. Hicks shall serve upon Defendant or, if appearance has been entered by counsel, upon the attorney, a copy of every pleading, motion, or other document filed with the Clerk of the Court pursuant to LR IC 1-1 and 4-1 of the Local Rules of Practice. In accordance with LR IC 4-1(d), the parties shall include with each filing a certificate of service stating that a true and correct copy of the document was served on an opposing party or counsel for an opposing party and indicating how service was accomplished. The court may disregard any paper received by a district judge or magistrate judge that has not been filed with the Clerk of the Court, and any paper received by a district judge, magistrate judge, or the Clerk of the Court that fails to include a certificate of service.

**IT IS RECOMMENDED:**

1. Defendants Richard A. Lindsey, Tiffany Doe, Bianca Doe, and Cindy Doe be DISMISSED from this action.
2. Ms. Hicks' discrimination claim be DISMISSED without prejudice.

Dated this 8th day of February, 2017.

                                                                                  /s/ Peggy A. Leen
                                                                                  PEGGY A. LEEN
                                                                                  UNITED STATES MAGISTRATE JUDGE

## NOTICE

This Report of Findings and Recommendation is submitted to the assigned district judge pursuant to 28 U.S.C. § 636(b)(1) and is not immediately appealable to the Court of Appeals for the Ninth Circuit. Any notice of appeal to the Ninth Circuit should not be filed until entry of the district court's judgment. *See* Fed. R. App. P. 4(a)(1). Pursuant to LR IB 3-2(a) of the Local Rules of Practice, any party wishing to object to a magistrate judge's findings and recommendations of shall file and serve *specific written objections*, together with points and authorities in support of those objections, within 14 days of the date of service. *See also* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6, 72. The document should be captioned "Objections to Magistrate Judge's Report of Findings and Recommendation," and it is subject to the page limitations found in LR 7-3(b). The parties are advised that failure to file objections within the specified time may result in the district court's acceptance of this Report of Findings and Recommendation without further review. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003). In addition, failure to file timely objections to any factual determinations by a magistrate judge may be considered a waiver of a party's right to appellate review of the findings of fact in an order or judgment entered pursuant to the recommendation. *See Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991); Fed. R. Civ. P. 72.