# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Natasha Hicks,<br><br>    Plaintiff<br><br>v.<br><br>Dollar General Market,<br><br>    Defendant | 2:15-cv-00405-JAD-PAL<br><br>**Order Granting Motion to Quash Service and Extending Time to Serve Process**<br><br>[ECF No. 20] |

Pro se plaintiff Natasha Hicks sues Dollar General Market for harassment that she allegedly suffered while working at Dollar General store in Las Vegas, Nevada.[1] Hicks filed proof purporting that she served Dollar General with process through "Coddy Manager."[2] Dollar General now moves to quash, arguing that it is incorrectly identified as Dollar General Market—it should be Dolgen Midwest, LLC d/b/a Dollar General—and that it was not properly served with process.[3] Hicks did not respond to the motion.

I grant Dollar General's motion for two reasons. First, Hicks's failure to file points and authorities in response to the motion "constitutes a consent to the granting of the motion."[4] Second, Dollar General's motion to quash is meritorious. Rule 4(h) of the federal rules of civil procedure provides that a corporation must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process . . . ."[5] Hicks did not do this; instead, she

---

[1] ECF No. 11.

[2] ECF No. 19-1.

[3] ECF No. 20.

[4] LR 7-2(d).

[5] Fed. R. Civ. Proc. 4(h)(1)(B).

served someone named "Coddy" who is identified as a "Manager."[6] This was not proper service under either the federal rule or the Nevada rule.[7]

Hicks is not relieved of her obligation to comply with the rules and procedures of this court simply because she has not retained, or cannot afford to retain, an attorney to represent her.[8] I recognize that the proper entity to name in this case might be opaque to a pro se plaintiff, and that the motion to quash likely clarified that Dolgen Midwest, LLC is registered to do business in Nevada as Dollar General.[9] I therefore give Hicks an additional 30 days to properly serve this defendant.

Accordingly, IT IS HEREBY ORDERED that Dollar General's motion to quash service **[ECF No. 20] is GRANTED**. IT IS FURTHER ORDERED that Hicks has until **August 16, 2017**, to properly serve Dolgen Midwest, LLC d/b/a Dollar General with a copy of the amended complaint and summons. Failure to do so will result in this case being dismissed without further notice. Hicks must submit a new summons to the Clerk of Court bearing the correct name and address for this defendant. Hicks is cautioned that the applicable procedural rules require process to be personally served on the defendant or its authorized agent; service by mail or a package-delivery company is not sufficient.

DATED: July 17, 2017.

_____
U.S. District Judge Jennifer A. Dorsey

---

[6] ECF No. 19-1.

[7] FRCP 4(h)(1)(A) authorizes process to be served on a corporation by following state law for doing so. Nevada's applicable rule mirrors FRCP 4(h)(1)(B). *See* Nev. R. Civ. Proc. 4(d)(1).

[8] *See e.g. Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995) ("Although we construe pleadings liberally in their favor, pro se litigants are bound by the rules of procedure."); *Jacobsen v. Filler*, 790 F.2d 1362, 1364 (9th Cir. 1986) ("pro se litigants in the ordinary civil case should not be treated more favorably than parties with attorneys of record").

[9] The motion to quash also clarified that CSC Services of Nevada, Inc. is authorized to accept service of process on behalf of this defendant. ECF No. 19-1.