UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

Natasha Hicks,

    Plaintiff

v.

Dollar General Market, et al.,

    Defendants

2:15-cv-0405-JAD-PAL

**Order**

[ECF Nos. 31, 35, 36]

On July 17, 2017, I granted Dollar General Market's motion to quash service, explained to plaintiff Natasha Hicks the deficiencies in her service, and gave her an additional 30 days to properly serve Dolgen Midwest, LLC, dba Dollar General.[1] I warned Hicks that her failure to serve Dolgen Midwest with a copy of the amended complaint and summons by August 16, 2017, would result in dismissal without further notice.[2] When Hicks asked for additional time, I gave her a final deadline of September 15, 2017, to serve Dolgen.[3] I warned her that "[f]ailure to do so will result in this case being dismissed without further notice" and that "[t]his deadline will not be extended further without extraordinary circumstances."[4]

Instead of serving Dolgen as ordered, on the eve of the deadline, Hicks filed a motion to amend her complaint a second time,[5] and then on the September 15th service deadline, she filed a motion asking the court to direct the U.S. Marshal Service to serve process for her.[6] Dolgen

---

[1] ECF No. 25.

[2] *Id.*

[3] ECF No. 28.

[4] *Id.*

[5] ECF No. 31.

[6] ECF No. 35.

countermoves to dismiss this case, as the court promised it would if Hicks failed to meet the September 15th service deadline.[7]

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case.[8] A court may dismiss an action based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules.[9] In determining whether to dismiss an action on one of these grounds, the court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives.[10]

The first two factors, the public's interest in expeditiously resolving this litigation and the court's interest in managing its docket, weigh in favor of dismissal. The third factor, risk of prejudice to defendants, also weighs in favor of dismissal because a presumption of injury arises from the occurrence of unreasonable delay in filing a pleading ordered by the court or prosecuting an action.[11] A court's warning to a party that its failure to obey the court's order will

---

[7] ECF No. 36. Because I would dismiss this action *sua sponte* for failure to comply with my order anyway, I do not wait for Hicks's response to the motion to dismiss.

[8] *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).

[9] *See Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*, 856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424 (9th Cir. 1986) (dismissal for lack of prosecution and failure to comply with local rules).

[10] *Thompson*, 782 F.2d at 831; *Henderson*, 779 F.2d at 1423–24; *Malone*, 833 F.2d at 130; *Ferdik*, 963 F.2d at 1260–61; *Ghazali*, 46 F.3d at 53.

[11] *See Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir. 1976).

result in dismissal satisfies the fifth factor's "consideration of alternatives" requirement.[12] The fourth factor—the public policy favoring disposition of cases on their merits—is greatly outweighed by the factors favoring dismissal. Accordingly,

With good cause appearing and no reason to delay, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that Defendant's Motion to Dismiss **[ECF No. 36] is GRANTED; this case is DISMISSED** for failure to serve it by the court's extended deadline.

IT IS FURTHER ORDERED that plaintiff's remaining motions **[ECF Nos. 31, 35] are DENIED** as moot, and all hearings and deadlines are VACATED.

The Clerk of Court is directed to **CLOSE THIS CASE.**

DATED: September 19, 2017

                                              Jennifer A. Dorsey
                                              United States District Judge

---

[12] *Ferdik*, 963 F.2d at 1262; *Malone*, 833 F.2d at 132–33; *Henderson*, 779 F.2d at 1424.